JOHN W. JEFFERSON v. B. F. GAINES et als.

1. JOINT INTEREST. *Chancery. Law.* At law, if several persons have a joint interest in a fund, they must all, if living, join in the action for the recovery of the fund. But in equity, if one of the persons desire to recover his interest, and the others interested will not join with him in the action, he may resort to a Court of Chancery, and there alone assert his rights.

Cases cited: Kirkman v. Snodgrass, 3 Head, 372; Parker v. Elder, 11 Hum., 547.

2. COURTS OF LAW AND COURTS OF EQUITY COMPARED. In all ordinary cases the remedy in a Court of Chancery is as cheap and speedy, under our practice as in a court of law, and, generally, much more certain and accurate in reaching the justice of the case.

3. CHANCERY PRACTICE. *Multifariousness.* A bill which seeks two separate accounts from two distinct persons upon matters having no connection is multifarious. A demurrer to such a bill ought to be sustained, but the correct practice, after sustaining the demurrer, is, not to dismiss the bill, but to allow the complainant to amend by filing separate bills, without new process as to the parties before the court, or to separate the case so as to allow the proper adjudication of the rights of the parties.

Code cited: Sec. 4326.

No record can be found.

FREEMAN, J., delivered the opinion of the court.

The only question presented in this case is the correctness of the decree below dismissing the bill as to N. S. Bruce, on demurrer filed by him alone.

The facts necessary to be stated on this question, taking the allegations of the bill to be true, as we. must, on demurrer, are—that one Boyd died in 1862, leaving a will, by which he gave his estate to his

wife and five daughters, to be divided among them as therein specified; that he appointed defendant Bruce and one Wm. Park his executors, but that Bruce was the acting executor, the other being only nominal. One of the daughters, Mary E., intermarried with J. E. Carter. Carter and wife borrowed money from complainant, and gave a deed of trust to Bigelow for its security, conveying all the right, title, and interest of the said Mary E. in the real estate of her father. Under this deed a sale was regularly made, as is charged, and complainant became the purchaser of the property. A conveyance was made by, and on the 14th of October, 1866, Carter and wife filed a bill to enjoin suits brought by complainant against Bruce and Park for rents received by them belonging to complainant after the accrual of his title, and to have the deed of complainant set aside on the ground that the sale was not in pursuance of the trust deed, and for other causes; that Bruce and Park filed a cross-bill in this case, claiming the right to collect the rents and control the property until the youngest daughter became eighteen years of age, but on appeal to this court at last term, this bill and cross-bill were dismissed, and complainant's rights established. The bill then charges that Bruce had collected and received about $12,000 of rents since the title of complainant had accrued, and refuses to account for the proportion of complainant, to-wit: one sixth.

The cause of demurrer, which we deem special, under the case of *Kirkman & Ellis* v. *Snodgrass*, 3 Head., 372, "is want of jurisdiction in the Chancery

24—VOL. 7.

Court," the remedy being as claimed in a court of law. This is the question presented on this branch of the case.

The Chancellor sustained the demurrer and dismissed the bill.

There is, however, another specific cause of demurrer assigned, to-wit: misjoinder with complainant of parties with whom he has no common interest. If either ground is sufficient cause to dismiss the bill, then the Chancellor's decree must be sustained.

On the first branch of the case it is proper to add, as facts charged, that the tenants having rented from Bruce, refused to pay rent to complainant, and that complainant has made the other heirs or devisees of Boyd parties.

The case then is, that complainant, as owner of one sixth of the property, is entitled jointly with the other Boyd, devisees, to the rents arising from said property. This is so on the assumption of the bill. Could he then sue Bruce at law alone for his share on this state of facts?

In the case of *Parker* v. *Elder*, 11 Hum., 547, the rule was thus laid down: That when a contract is made with several persons, whether it be under seal or by parol, if their legal interest be joint, or if several persons have a joint legal interest in a fund, they must all, if living, join in the action in form *ex contractu* for the breach of such contract, or the recovery of the fund. This being so, and their being no such severance, as is required in that case, which would give the right to one party to sue alone, it

follows, the party could not have sued alone at law, as he has done in this case, and that he did not have an adequate and complete remedy at law, free 'from embarrassment to enforce his right set up in this bill.   It would clearly be dependent upon the will of the other joint owners of the fund as to whether he could sue for its recovery.   In a Court of Chancery he is relieved of this embarrassment by being able to bring them all in as defendants, and have his rights settled in one suit.

We see no objection to this.   The fact is, that in all ordinary cases the remedy in a Court of Chancery is as cheap and speedy under our practice as in a court of law, and, we might add, generally much more accurate and certain in reaching the justice of the case, so that the objection taken, in a case like the present, is one not calling for any extension of the rules of law in order that it may be sustained, and savors somewhat of the idea of seeking a technical avoidence of the investigation of an assumed liability.

We think the bill was not properly open to this objection.

As to the other objection, of misjoinder of parties, it is well taken in one aspect of it.   It is charged that in 1868 Bruce resigned his executorship, and W. N. Wilkinson has been appointed in his place, since which time he has collected about $7,000 of the rents of the real estate, and Wilkinson denies complainant's rights in the premises.

It is obvious that this case has no possible con-

nection with the case against Bruce; that an account against Bruce, and the parties having a joint interest in the fund collected by him, can be taken without in any way affecting Wilkinson, and *vice versa*; that Wilkinson would have nothing to do or say in reference to the account against Bruce, and Bruce nothing to do or say in the account against Wilkinson.

The Chancellor was correct in sustaining the demurrer on ground of misjoinder, but we do not think the bill should have been dismissed, but the demurrer should have been sustained; and complainant directed or authorized to amend by filing separate bills, without new process as to the parties before the court, in pursuance of sec. 4326 of the Code, or the case separated as might be necessary for the proper litigation and adjudication of the rights of the parties. A decree will be entered here to this effect, and the cause remanded for proper amendment, in accordance with this opinion, the complainant paying the costs of this court.